## TIMANUS v. COMMISSIONER OF INTERNAL REVENUE.
### No. 5612.

Circuit Court of Appeals, Fourth Circuit.
June 24, 1947.

Scott P. Crampton, of Washington, D. C. (Geo. E. H. Goodner, of Washington, D. C., on the brief), for petitioner.

Newton K. Fox, Sp. Asst. to Atty. Gen. (Sewall Key, Acting Asst. Atty. Gen., and Lee A. Jackson, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before PARKER and SOPER, Circuit Judges, and CHESNUT, District Judge.

PER CURIAM.

This case is before us for the second time after a remand to the Tax Court, 4 Cir., 156 F.2d 744, caused by certain ambiguities in its opinion. The receiver sought a refund of the unconstitutional processing tax on cotton goods paid by the Spencer Corporation and set up the claim that the corporation had not passed the tax on to its customers. But the receiver was unable to offer a comparison of the margins of the taxpayer in the tax period with its margins in the period before and after the tax, as provided in the statute, because the corporation ceased to operate before the last mentioned period expired. In lieu thereof he undertook to prove the actual extent to which the taxpayer absorbed the tax, by showing that its losses in the tax period were greater than its losses in the seven months' period preceding the incidence of the tax. In order to accomplish this purpose it became necessary to make certain approximations or estimates in respect to the amount of the all-rayon goods manufactured and sold, since these were not subject to the tax and were not completely segregated on the books of the corporation.

The Tax Court held in its final opinion that the claimant had not borne the burden imposed by the statute, since he had not shown that the seven months' period before the tax formed a satisfactory basis of comparison with the tax period, or that the computation by which the rayon business of the taxpayer was segregated from its cotton business was satisfactory or reliable, or that the greater losses in the tax period were due to the absorption of the tax by the corporation. These questions raised issues of fact, and since there was substantial evidence to support the findings of the Tax Court, we are bound by its conclusions and its decision is accordingly

Affirmed.